**LAW OFFICES OF RAHUL WANCHOO**
Attorneys for Plaintiff
Empire State Building
350 Fifth Avenue, 59th Floor
New York, New York 10118
Phone: (201) 882-0303
Fax:     (201) 299-2714
E-mail: rwanchoo@wanchoolaw.com



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

ORIENTAL BULK SHIPPING PTE. LTD.

           Plaintiff,

- against -

TONGLI SHIPPING CO., LTD.
a.k.a. TONGLI LTD.
a.k.a. TONGLI INTERNATIONAL
           Defendant.

------------------------------------------------------------X

JUDGE JONES

ECF CASE

**08 CV 0872**

**VERIFIED COMPLAINT**

Plaintiff, ORIENTAL BULK SHIPPING PTE. LTD. ("Plaintiff"), by its attorneys, LAW OFFICES OF RAHUL WANCHOO, alleges on information and belief as follows:

**JURISDICTION AND VENUE**

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court. This case also falls under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333. Finally, this Court also has

jurisdiction over this matter because the action also arises under the convention on the Recognition and Enforcement of Foreign Arbitral Awards, codified at 9 U.S.C. §201 *et. seq.* and/or the Federal Arbitration Act, 9 U.S.C. §1 *et. seq.*

2. At all material times, Plaintiff was and now is a foreign corporation organized under and existing by virtue of the laws of the Republic of Singapore, and is the time chartered Owner of the M.V. BAO XING (the "Vessel"), a bulk carrier of about 20,308 deadweight tons capacity engaged in the carriage of bulk cargo by water.

3. Upon information and belief, at all material times, Defendant, TONGLI SHIPPING CO., LTD., also known as TONGLI LTD., also known as. TONGLI INTERNATIONAL (hereinafter referred to collectively as "Defendant") was and now is a foreign corporation organized under and existing by virtue of the laws of the Independent State of Samoa, and is the Charterer of the Vessel.

**FACTS GIVING RISE TO CLAIM**

4. On or about November 29, 2007, a time charter party (the "Charter") was made between Plaintiff, as time chartered Owner of the Vessel, and Defendant as Charterer whereby Defendant chartered the Vessel for the carriage of bulk cargo for a period up to minimum January 10, 2008 to maximum January 26, 2008.

5. The Charter provided that Defendant shall pay for the use and hire of the Vessel at the rate of $26,250 less 2.5% address commission per day payable every 15 days in advance. First fifteen days of hire plus value of the bunkers on board was to be paid within 3 banking days of the Vessel's delivery to the Defendant. Failing the punctual and regular payment of hire or for any fundamental breach of the Charter, Plaintiff shall be at the liberty to withdraw the

Vessel from the service of the Defendant without prejudice to any claim the Plaintiff may have against the Defendant. The Charter also provided that Defendant was to give Plaintiff not less than 15 days notice of the expected date and port of re-delivery.

6. Pursuant to the Charter, the Vessel was delivered to the Defendant on December 12, 2007. According to the terms of the Charter the second hire payment was due on December 27, 2007. However, Defendant failed to pay the second hire and instead redelivered the Vessel on dropping outwards sea pilot at Manila at 0910 hours GMT on January 4, 2008. Not only did the Defendant fail to give Plaintiff the 15 days minimum redelivery notice as required by the Charter, but also redelivered the Vessel early outside the contractual redelivery window of minimum January 10, 2008 to maximum January 26, 2008. Having received early redelivery of the Vessel from the Defendant before the minimum Charter period of January 10, 2008, Plaintiff had no option but in turn to redeliver the Vessel early to the head owners.

7. Pursuant to the terms of the Charter hire is payable up to the time of the Vessel's redelivery at 0910 hours GMT on January 4, 2008. In addition, Plaintiff is entitled to damages for Defendant's breach of the Charter by its failure to give 15 days redelivery notice. Plaintiff's damages for early redelivery of the Vessel are computed by the amount of hire which Plaintiff would have earned for the additional 15 days times the daily Charter hire rate of $26,250. Plaintiff's total claim in the amount of $306,791.39 is summarized in the Provisional Hire Statement a true and accurate copy of which is annexed hereto as **Exhibit A**.

8. By reasons of the premises, Plaintiff has sustained damages in the amount of $306,791.39 as best as can presently be calculated.

9. The Charter also provided in that, if any dispute arises between the parties, the matter in dispute shall be referred to arbitration in Hong Kong under the LMAA rules with

English law. In addition to the unpaid hire, Plaintiff is also entitled, in Hong Kong, to attorneys' fees and other taxable costs incurred or likely to be incurred in bringing this claim, which as best as can presently be calculated are $250,000. (*See Winter Storm Shipping, Ltd. v. TPI*, 310 F.3d 263, 265 (2d Cir. 2002), where the attachment that the Court of Appeals reinstated covered "an amount that includes interest and anticipated attorneys' and arbitrators' fees.").

10. Arbitration of these disputes in Hong Kong arbitration may take 2 years. Plaintiff is entitled to and would receive interest at the present rate of 7.5% compounded monthly on the principal claim from January 4, 2008 to the completion of the arbitration or about $49,483.

11. Plaintiff's total claim against Defendant for which it seeks security herein is $606,274.39 ($306,791.39 + $49,483 + $250,000).

12. All and singular the premises are true and within the admiralty and maritime jurisdiction of this Honorable Court.

13. Plaintiff brings this action by seeking an order of seizure of Defendant's goods and chattels, or credits and effects in the hands of garnishees to be named in the process, in the amount sued for herein, so that the Court shall have jurisdiction to direct Defendant to proceed with arbitration of Plaintiff's claim against Defendant and to retain jurisdiction to enter a judgment upon the arbitration award in the Hong Kong arbitration.

**WHEREFORE,** the Plaintiff prays the following:

1. That process in due form of law according to the practice of this Court in causes of admiralty and maritime jurisdiction may issue against Defendant, Tongli Shipping Co., Ltd.,

also known as Tongli Ltd., also known as Tongli International, that they be personally cited to appear and answer the matters set forth above;

2. That if the Defendant cannot be found within this District, then that Defendant's goods and chattels, or credits and effects within the hands of garnishees within the jurisdiction of this Court be attached by process pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims and in an amount sufficient to answer Plaintiff's claims of $606,274.39, the sum sued for in this Complaint;

3. That the action thereafter be stayed pending the arbitration award and that a judgment be entered upon the award of the aforesaid arbitration for the amount of any recovery by Plaintiff, together with interest, costs and disbursements of this action; and

4. That this Court grant to Plaintiff such other and further relief as may be just and proper in the circumstances.

Dated: New York, New York
January 24, 2008

LAW OFFICES OF RAHUL WANCHOO
Attorneys for Plaintiff
Oriental Bulk Shipping Pte. Ltd.

By: *Rahul Wanchoo*
Rahul Wanchoo (RW-8725)

STATE OF NEW JERSEY)
                                    ss.
COUNTY OF BERGEN   )

I, Rahul Wanchoo, being duly sworn, deposes and says:

I am an attorney at law and a member of the firm of Law Offices of Rahul Wanchoo, attorneys for Plaintiff.

I have read the foregoing Verified Complaint and know the contents thereof and the same are true to the best of my knowledge, information and belief.

The reason that this verification is made by me and not by Plaintiff is that Plaintiff is a foreign corporation and is not within this District.

*Rahul Wanchoo*

Sworn to and subscribed to
before me this 23rd day of
January, 2008

_____
Notary Public

Michael C. Zeale
Notary Public State of New Jersey
My Commission Expires
August 8, 2010

# EXHIBIT A

Case 1:08-cv-00872-BSJ-MHD   Document 1   Filed 01/24/2008   Page 7 of 9

**ORIENTAL BULK SHIPPING PTE LTD, SINGAPORE**
(REG NO. 200709475M)

BAO XING/OBH 2

**TIME CHARTERED OUT (TCOPRV/H)**
**PROVISIONAL HIRE STATEMENT**

|  |  |
|---|---|
| **TONGLI SHIPPING CO.,LTD SAMOA** | Page: 1 |
| c/o OPTIMA SHIPBROKERS (ASIA) LTD | Date: 15/01/2008 |
| JIN MAO TOWER, ROOM 4402, 44 FLOOR | FixNote: 4254 |
| 88 SHIJI DADAO (CENTURY BOULEVARD) | Time: GMT |
| PUDONG NEW AREA | C/P Date: 29/11/2007 |
| SHANGHAI 200121 | Currency: USD |
| CHINA |  |

| Description | Debit | Credit |
|---|---:|---:|
| REF: INY009BXI02S1-150108 | | |
| Delivery DLOSP MAPTAPHUT 12/12/2007 - 19:35 GMT | | |
| Redelivery DLOSP MANILA 04/01/2008 - 09:10 GMT | | |
| Period 12/12/2007 - 19:35 - 04/01/2008 - 09:10    22.56597 days (22D- 13H- 35M) | | |
| Hire = 22.56597 Days   26250.00 Per Day | 592,356.77 | |
| 2.500 % Address Commission | | 14,808.92 |
| Hold inspection failure at Kosichang 13/12/07 0700 LT - 15/12/07 1000 LT | | |
|    2.125 days x USD26,250.00 | | 55,781.25 |
|    Refund 2.500 % Address Commission | 1,394.53 | |
|    Offhire IFO = 2.125 days x 1.5 mt x USD550.00 | | 1,753.13 |
|    Offhire MDO = 2.125 days x 1.5 mt x USD800.00 | | 2,550.00 |
|    Offhire Cable/Vict/Ent = 2.125/30 days x USD1,200.00 | | 85.00 |
| Hold inspection failure at Kosichang 15/12/07 1300 LT - 17/12/07 1930 LT | | |
|    2.271 days x USD26,250.00 | | 59,613.75 |
|    Refund 2.500 % Address Commission | 1,490.34 | |
|    Offhire IFO = 2.271 days x 1.5 mt x USD550.00 | | 1,873.57 |
|    Offhire MDO = 2.271 days x 1.5 mt x USD800.00 | | 2,725.20 |
|    Offhire Cable/Vict/Ent = 2.271/31 days x USD1,200.00 | | 90.84 |
| Bunkers on delivery - IFO : 420.335 tons x 550.00 | 231,184.25 | |
| Bunkers on delivery - MDO : 45.185 tons x 800.00 | 36,148.00 | |
| Bunkers on redelivery - IFO : 439.842 tons x 550.00 | | 241,913.10 |
| Bunkers on redelivery - MDO : 42.195 tons x 800.00 | | 33,756.00 |
| Cable/Vict/Ent = 22.56597 Days    1200.00 Per Month | 902.64 | |
| Cleaning on Redelivery | 4,000.00 | |
| Remittance received on 24/12/07 | | 530,240.63 |
| Charterers' failure to give 15 days redelivery notice in accordance with charterparty | | |
|    15 days x USD26,250.00 | 393,750.00 | |
|    2.500 % Address Commission | | 9,843.75 |
|    Cable/Vict/Ent = 15.00000 Days    1200.00 Per Month | 600.00 | |
|  | 1,261,826.53 | 955,035.14 |
| **Balance in owners favour** | 306,791.39 | |

Remit to:
To : Citibank New York, SWIFT Code : CITIUS33
For Credit Of: Citibank N.A., Hong Kong Branch, 9/F, Harbourfront II, 22 Tak Fung Street,
Hunghom, H.K., SWIFT Code : CITIHKHX
In Favour Of: Oriental Bulk Shipping Pte Ltd A/C No. 61374822
Remarks: Vessel/ Voyage details

E.& O.E.

**BAO XING/OBH**     2

| Date: | 16/01/2008 | | Page: | 2 |

**Description**                                                                                         Debit         Credit
Brought Forward

**E. & O. E.**